IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Melanie Lawson, | ) | |
| | ) | Civil Action No. 7:13-1050 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Union County Clerk of Court William F. "Freddie" Gault; William F. "Freddie" Gault, Individually, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Union County Clerk of Court William F. "Freddie" Gault's ("Gault") motion to dismiss Melanie Lawson's ("Lawson") claim for wrongful discharge in violation of public policy. (ECF No. 6.) Gault contends that, under South Carolina law, Lawson cannot maintain her wrongful discharge claim because 42 U.S.C. § 1983 provides a statutory remedy for her grievance. (*See* ECF No. 6-1.) In response, Gault argues that Federal Rule of Civil Procedure 8(d)(2) allows her to plead the two claims in the alternative and that, because it is unclear at this point in the litigation whether her claim "fits" under § 1983, dismissal of the wrongful termination claim could mean forfeiture of her remedy. (ECF No. 7.) For the following reasons, the court agrees with Gault.

**I. Background**

In her amended complaint, Lawson alleges that Gault, in his official capacity, violated South Carolina Code § 16-17-560, which makes it unlawful to "discharge a citizen from employment . . . because of political opinions or the exercise of political rights and privileges," when he terminated her employment after she ran against him in an election. (ECF No. 1-1.) In

addition, Lawson brings claims pursuant to §§ 1981, 1983, 1988 and the First Amendment against Gault in his individual capacity. (*Id.*)

## II. Discussion

Although South Carolina law generally allows employers to discharge at-will employees for any reason, the South Carolina Supreme Court has carved out an exception. This "public policy exception" creates a cause of action when "the retaliatory discharge of an at-will employee constitutes violation of a clear mandate of public policy." *Ludwick v. This Minute of Carolina, Inc.*, 287 S.C. 219, 225 (1985). However, the exception does not apply when "the employee has an existing remedy for a discharge that allegedly violates rights other than the right to the employment itself." *Epps v. Clarendon County*, 304 S.C. 424, 426 (1991).

In this case, Lawson claims that her discharge violated her First Amendment rights to free speech and association, not just her right to employment. The United States Supreme Court has recognized § 1983 as a viable method for aggrieved public at-will employees to bring claims for damages from hiring decisions that violate the First Amendment. *See Rutan v. Republican Party of Illinois*, 497 U.S. 62 (1990). And, the South Carolina Supreme Court has found that, in the context of the public policy exception, § 1983 is an existing remedy that bars use of the exception by an employee alleging that his discharge violated his First Amendment rights. *Epps*, 304 S.C. at 426. Thus, Lawson cannot maintain her wrongful termination claim.

Lawson's arguments to the contrary cannot stand up to legal precedent. First, this court has already addressed whether Rule 8(a)(2) permits a plaintiff to plead her claims in the alternative under these circumstances and found that "to accept Plaintiff's argument that she can plead her claims in the alternative would essentially nullify decisions such as *Bolin* which hold that 'no common law public policy wrongful termination claim *can be stated* where the

employee has an existing statutory remedy.'" *Frazier v. Target Corp.*, No. 2:09-cv-1625, 2009 WL 3459221, at *3 (D.S.C. Oct. 27, 2009) (emphasis in original) (quoting *Bolin v. Ross Stores, Inc.*, No. 08-cv-2759, 2009 WL 363990 (D.S.C. Feb. 11, 2009)).

And, second, her claim against Gault in his individual capacity fits squarely within § 1983 with or without any evidence of custom or policy. *See Mikkelsen v. DeWitt*, 141 Fed. Appx. 88, 90-91 (4th Cir. 2005) ("Debating whether a public employer has adopted an unconstitutional 'custom' or 'policy' is a question to be asked when examining the basis for *municipal* liability under § 1983. It is not the right question to ask when confronting a supervisor's potential liability in his individual capacity."); *Epps*, 304 S.C. at 426 (recognizing an almost identical claim as fitting within § 1983).

### III. Conclusion

Accordingly, the court grants Gault's motion for partial dismissal (ECF No. 6).

**IT IS SO ORDERED.**

                                    s/Timothy M. Cain
                                    United States District Court Judge

May 13, 2013
Anderson, South Carolina