IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG  DIVISION

| | | |
|---|---|---|
| Melanie Lawson, | ) | |
| | ) | C.A. No. 7:13-cv-01050-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **CONSENT ORDER CONFIRMING** |
| | ) | **SETTLEMENT AND DISMISSING** |
| Union County Clerk of Court William F. | ) | **ACTION WITHOUT PREJUDICE** |
| "Freddie" Gault; William F. "Freddie" Gault, | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on remand from the United States Court of Appeals for the Fourth Circuit. In an opinion filed July 7, 2016, and which took effect August 10, 2016, the Fourth Circuit reversed this Court's determination that Plaintiff's position as Deputy Clerk of Court was a position for which political loyalty was appropriate such that Plaintiff could be dismissed, under the *Elrod-Branti* line of cases, because she ran against Defendant Gault for the elective office he held as Clerk of Court for Union County, South Carolina. *Lawson v. Union County Clerk of Court, etc., et al.*, ___ F.3d ___, 2016 WL 3632585 (4th Cir. 2016). The Fourth Circuit vacated the summary judgment that had been entered in favor of Defendants and remanded for this Court to determine, in the exercise of its discretion, "whether to permit additional discovery, allow additional motions for summary judgment, or calendar the case for trial." *Id.*, ___ F.3d at ___, 2016 WL 3632585, at * 12.

Following remand, the parties agreed to a resolution of this matter, and they now seek the Court's approval of that resolution which is as follows:

1. Union County will pay Plaintiff the gross amount of Twenty-Two Thousand Eight Hundred

Dollars ($22,800) as back wages and credit her with annual and sick leave that she would have earned for the period March 31, 2012 through January 13, 2013, during which Plaintiff was either on unpaid leave of absence from the Union County Clerk of Court's Office (March 31, 2012 through November 14, 2012) or unemployed (November 15, 2012 through January 13, 2013). From this gross back pay amount, Union County will deduct federal and state income tax as well as the employee share of FICA, Medicare, and state retirement and will remit those deductions to the appropriate authorities. Union County will also pay the employer share of FICA, Medicare, and state retirement on the gross back pay amount of Twenty-Two Thousand Eight Hundred Dollars ($22,800) and will remit those contributions to the appropriate authorities. Upon receipt of the employee and employer share of retirement contributions for the period March 31, 2012 through January 13, 2013 (hereafter, "the back pay period"), the South Carolina State Retirement System, now known as the South Carolina Public Employee Benefit Authority ("PEBA"), will give Plaintiff service credit for that period of time. Union County will provide whatever information PEBA may require in order to credit Plaintiff with service credit for the back pay period.

2.     The insurer for Defendants, the South Carolina Counties Property & Liability Trust ("SCCP&LT"), will pay the lump sum of Fifty Thousand Dollars ($50,000) to John G. Reckenbeil, Plaintiff's attorney, in full and complete discharge of any and all liability that Defendants or SCCP&LT as their insurer may have for attorney's fees and/or costs associated with the prosecution, including appeal, of this action. Payment of this sum to Mr. Reckenbeil shall extinguish with prejudice any claim that may be made for attorney's fees or costs by any attorney who has entered an appearance in this matter on behalf of Plaintiff.

3.     This action will be dismissed without prejudice. Upon payment of all sums specified in

paragraphs 1 and 2 and upon receipt of confirmation from PEBA that Plaintiff's retirement account has been credited with service for the period March 31, 2012 through January 13, 2013, counsel for the parties shall so inform the Court in a joint filing. The court will then enter an order dismissing this action with prejudice.

4.    The parties agree that the Court will retain jurisdiction to enter such other orders, including the final order of dismissal with prejudice, as may be necessary to implement and effectuate this settlement.

Having considered the terms as set forth above, the Court confirms and approves the settlement. In accordance with paragraph 3, this action is dismissed without prejudice.

AND IT IS SO ORDERED.

s/Timothy M Cain
Timothy M. Cain
United States District Judge

September 30, 2016
Anderson, South Carolina

**WE SO MOVE AND CONSENT:**

s/ John G. Reckenbeil
John G. Reckenbeil (FID 7671)
215 Magnolia Street
Post Office Box 1633
Spartanburg, SC 29304-1633
Phone: 864-582-5472
Fax: 864-582-7280
Email: john@johnreckenbeillaw.com

ATTORNEY FOR PLAINTIFF

s/ Vance J. Bettis
Vance J. Bettis (FID 1323)
Gignilliat, Savitz & Bettis, LLP
900 Elmwood Ave., Suite 100
Columbia, SC   29201
Phone: (803) 799-9311
Fax:    (803) 254-6951
Email: vbettis@gsblaw.net

ATTORNEY FOR DEFENDANTS